UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 8:17-cv-1582-T-36 JSS

K.K. ABRAHAM,

    Plaintiff,

v.

HAVEN HEALTH & WELLNESS
SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, K.K. ABRAHAM, (herein referred to as "Plaintiff" or "ABRAHAM"), by and through his undersigned attorney, hereby files this Complaint against HAVEN HEALTH & WELLNESS SERVICES, LLC, (hereinafter, "Defendant" or "HAVEN"), and says:

### JURISDICTION AND VENUE

1. This action is brought against the Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Middle District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Middle District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

1

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff ABRAHAM is a resident of the Middle District of Florida. During all times relevant to this Complaint, Plaintiff ABRAHAM was employed by Defendant as a Territory Manager. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant is a foreign corporation organized and existing in Florida with its principal place of business in Tampa, Hillsborough County, Florida. Specifically, Plaintiff worked in Tampa, Florida and all the actions complained of herein took place within the Middle District of Florida.

7. Defendant HAVEN is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, HAVEN is a company that provides services to residents of assisted living facilities. At all material times, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

10. Defendant HAVEN, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendant HAVEN was the "employer" of Plaintiff as that term is defined under 29 U.S.C. § 203(d) and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## GENERAL ALLEGATIONS

12. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

13. Throughout his employment, ABRAHAM was misclassified as an independent contractor.

14. Plaintiff was in fact an employee. Plaintiff was paid a fixed sum of money to perform massage services for patients residing in Assisted Living Facilities. The Plaintiff was directed how many times per week to perform the work on each customer and what specific work to provide.

15. Plaintiff was employed by Defendant for approximately four months, but failed to receive payment for approximately the last month of the employment relationship.

16. ABRAHAM began working for Defendant in March 2016. Plaintiff severed the employment relationship at the end of June 2016.

17. At all times pertinent to this action, Defendant knowingly, willingly and maliciously failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA.

18. Plaintiff was paid $50/per service performed. There was an amount owing to Plaintiff of $3750 at the time of his separation from employment of which $495 was received leaving a balance owed of $3255. The $3750 represented services performed for seventy five (75) clients of Defendant.

3

19. Plaintiff has performed all conditions precedent to the maintenance of this action and/or such conditions have been waived.

20. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

21. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA / MINIMUM WAGE

22. Plaintiff re-alleges and re-avers paragraphs 1–21 as fully set forth herein.

23. During the course of Plaintiff's employment with Defendant, Plaintiff was not compensated at all for services worked for Defendant. For one month beginning on or about May 30, 2016, ABRAHAM performed services on approximately 75 clients for which he was paid nothing.

24. The Defendant willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendant employed Plaintiff during the relevant time period.

25. As a direct result of Defendant's willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiff requests judgment for:

    a) Minimum wage payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## COUNT II -VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

26. Plaintiff, ABRAHAM, realleges Paragraphs 1 through 21 as if fully stated herein.

27. Pursuant to Article X, Section 24 of the Florida Constitution and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

28. During Plaintiff's employment, Defendant paid him less than the statutory minimum wage for his work hours.

29. The Defendant failed to pay minimum wages for all hours worked.

30. The Defendant acted willfully.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a) Declaring that Defendant violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b) Awarding Plaintiff all back wages due and owing;

c) Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d) Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation;

e) Awarding Plaintiff prejudgment and post-judgment interest;

f) Finding that Defendant willfully violated Article X Fla. Const., and ordering Defendant to pay a $1,000.00 fine to the State of Florida for each such willful violation;

g) Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendant within the last five years were not paid minimum wage for all hours worked as required; and

h) Awarding such other and further relief this Court deems to be just and proper.

## COUNT III – UNPAID WAGES

31. Plaintiff re-alleges and re-avers paragraphs 1–21 as fully set forth herein.

32. On March 14, 2017, Plaintiff sent a Demand to Defendant for his unpaid wages, pursuant to Fla. Stat. §448.08(6)(a).

33. Plaintiff was to be compensated at the rate of fifty dollars ($50) for each client for which he performed services.

34. Defendant has not paid Plaintiff duly wages.

35. Defendant owes Plaintiff $3255 in earned but unpaid wages for services generated by Plaintiff in his last month of employment with Defendant.

WHEREFORE, Plaintiff requests judgment for:

a) Unpaid wages in the amount of $3255.00;

b) Liquidated damages pursuant to Fla. Stat. §448.110(6)(c)(1);

c) Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

d) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff K.K. ABRAHAM demands trial by jury for all issues contained herein so triable by law.

Dated: June 27, 2017.

        EISS MASSILLON, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 308
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By:   /s/ Charles Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        Chuck@eissmassillon.com
        LINDSAY M. MASSILLON, Esq.
        Fla. Bar #92098
        Lindsay@eissmassillon.com